UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY SCHMIDT,

    Plaintiff,

v.                                  Case No. 8:12-cv-01162-EAK-EAJ

LIFE INSURANCE COMPANY
OF NORTH AMERICA

    Defendant.
_____/

## ORDER ON DEFENDANTS' MOTION TO STRIKE

This cause is before the Court on Defendant's Motion to Strike Plaintiff's Prayer for Equitable Relief, (Dkt. 8), and Plaintiff's response. (Dkt. 9). For the reasons set forth below, Defendant's Motion to Strike is **DENIED**. The following facts, gleaned from Plaintiff's Complaint, (Dkt. 1), are taken as true for the purposes of this motion.

### BACKGROUND

While employed with BayCare Health Care System, Plaintiff purchased disability insurance coverage in the form of an employee welfare plan sponsored by Defendant. (Dkt. 1, ¶ 3–4). In accordance with the purchased coverage, Defendant paid short-term disability benefits to Plaintiff until February 25, 2011. (Dkt. 1, ¶ 10). Defendant thereafter discontinued payment of additional benefits due under the Employment Retirement Income Security Act (ERISA) plan purchased by Plaintiff [hereinafter "Plan"]. (Dkt. 1, ¶ 10). In following the procedures of the Plan, Plaintiff filed a claim for long-term disability benefits, which was denied by Defendant. (Dkt. 1, ¶ 12). Upon multiple appeals by Plaintiff, Defendant repeatedly denied payment under

the Plan, and Plaintiff exhausted all levels of administrative appeal with Defendant. (Dkt. 1, ¶ 12).

Plaintiff now requests relief pursuant to 29 U.S.C. § 1132(a)(1)(B) in the form of: (a) a declaratory judgment requesting payment of all benefits due to Plaintiff pursuant to the purchased Plan; (b) payment of attorney's fees pursuant to 20 U.S.C. § 1132(g); (c) costs of suit; and (d) "[a]ny other appropriate equitable relief." (Dkt. 1, ¶ 13). In response, Defendant has filed a Motion to Strike Plaintiff's prayer for "any other equitable relief." (Dkt. 8).

## APPLICABLE STANDARD

The Federal Rules of Civil Procedure provide that "the court may order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994 at *2 (M.D. Fla. Sept. 8, 2008). It is not intended to "procure the dismissal of all or part of a complaint." *Id.* Likewise, a motion to strike is a drastic remedy and is disfavored by the courts. *Reyher v. Trans World Airlines,* 881 F. Supp. 574, 576 (M.D. Fla.1995). Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

## DISCUSSION

Defendant argues that because Plaintiff has invoked a remedy under 29 U.S.C. § 1132(a)(1)(B), that Plaintiff may not simultaneously request recovery under the alternative remedy allowing any other equitable relief as described in 29 U.S.C. 1132(a)(3), (Dkt. 8 at 5), and therefore that the language "and any other equitable relief," (Dkt. 8 at 5), be stricken from Plaintiff's complaint. Defendant fails to demonstrate that Plaintiff's complaint contains "any

redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Nothing in Defendant's Answer, Affirmative Defenses and Motion to Strike, (Dkt. 8), alleges that any part of Plaintiff's complaint is redundant, immaterial, impertinent, or scandalous.

Even if Defendant's claim could be interpreted to allege that Plaintiff's request for relief was redundant, immaterial, impertinent, or scandalous, the caselaw on which Defendant relies does not create a rule barring other equitable relief in this case. Defendant cites to *Cheal v. Life Insurance Company of North America*, 330 F. Supp. 2d 1347 (N.D. Ga. 2004) (citing *Varity Corporation v. Howe*, 516 U.S. 489, 515 (1996)) (stating "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief"). There, the Court did not allow the Plaintiff to raise a claim under 29 U.S.C. 1132(a)(3) when relief was available and requested under 29 U.S.C. 1132(a)(1)(B). *Id.* Importantly, here, Plaintiff has not requested recovery under both 29 U.S.C. § 1132(a)(1)(B), and 29 U.S.C. § 1132(a)(3) in two separate counts. Rather, Plaintiff requests other equitable relief under the same count in which she requests relief under 1132(a)(1)(B), (Dkt. 8, ¶ 13), without any reference to a request for relief under the alternative statutory provision. This Court does not consider such language to be considered the type of alternative pleading barred by *Varity*.

Regardless of whether Plaintiff had requested relief under both statutory provisions, this Court believes that a determination of the remedies available to a plaintiff cannot be limited at the pleadings stage of a case in the manner so requested by Defendant. Plaintiff is essentially correct in stating that additional "relief may lie in special circumstances," (Dkt. 9 at 2). These special circumstances may arise during the course of the discovery process or during the course of a trial after the fact-finder is presented with the evidence. In *Katz v. Comprehensive Plan of Group Insurance*, 197 F.3d 1084 (11th Cir. 1999), the Eleventh Circuit affirmed the lower

court's granting of summary judgment based on an interpretation of *Varity*. *Id.* at 1089. There, the court cited, as Defendant attempts here, that an ERISA plaintiff with a remedy under 1132(a)(1)(B), may not alternatively plead under 1132(a)(3). However, in *Katz*, the Eleventh Circuit indicated that the lower court came to this determination at the summary judgment stage, after the discovery process, and after any findings of fact had concluded. *Id.* at 1088–1089. The cause currently before this Court is distinguishable from *Katz* in two ways 1) Plaintiff has never alleged a separate count for recovery under 1132(a)(3), and 2), this case has not progressed to the stage at which discovery and fact-finding have occurred. In *Katz,* the standard applied was that governing the standard for summary judgment. In contrast to *Katz*, Defendant's Motion to Strike must be denied as the cause currently before this Court has not yet developed sufficiently to be able to consider a motion for summary judgment.

Even if the cause currently before this Court was beyond the pleading stage—with respect to the ability of a plaintiff to raise a claim for equitable relief, the Eleventh Circuit has not refuted the possibility that, while a plaintiff may not assert an equitable estoppel remedy as a separate claim, a plaintiff is not prohibited from asserting principles of equitable estoppel as a theory of recovery of benefits under section (a)(1)(B). *See Katz*, 197 F.3d at 1090–1091 (denying claim for equitable estoppel for reasons unrelated to the fact that plaintiff asserted equitable remedies in the same count as the 1132(a)(1)(B) claim). Where the Eleventh Circuit has not denied a plaintiff the right to raise theories of equitable relief as part of his or her (a)(1)(B) claim, this Court will follow the same course. Based on the Eleventh Circuit's interpretation of asserting a claim for equitable relief in an (a)(1)(B) count, *see Katz* at 1090–1091, this Court finds that Plaintiff's prayer for "other equitable relief" within the (a)(1)(B) count is permissible.

Defendant fails to show that Plaintiff's Complaint contains any redundant, immaterial, impertinent, or scandalous material; fails to show that striking the language in section (d) of Plaintiff's Complaint would serve to clean up the pleading, streamline litigation, or avoid unnecessary forays into immaterial matters; and fails to show that the language it requests stricken has no possible relationship to the controversy, may confuse the issues, or may otherwise prejudice a party. Therefore, Defendant fails to meet the burden required to permit a motion to strike. As is the case here, because motions to strike rarely meet the burden required, "[they] are generally disfavored by the Court and are often considered time wasters." *Hutchings*, 2008 WL at *2. Accordingly, it is

ORDERED that Defendants Motion to Strike is **DENIED.**

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this ___ day of October, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record